Opinion by TILSON, J. In accordance with stipulation of counsel that certain items consist of "8-Bu. paper hats," the claim at only 25 percent ad valorem under paragraph 1504 (b) (5) was sustained, following *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664).

BEFORE THE THIRD DIVISION, NOVEMBER 18, 1942

**No. 47737.**—Protest 74469–K of John H. Burns Co. (Baltimore).

Opinion by CLINE, J. In accordance with stipulation of counsel that the frozen frogs' legs in question are similar to those the subject of *Pacific Trading Co.* v. *United States* (8 Cust. Ct. 221, C. D. 610), the protest was sustained.

**No. 47738.**—Protest 948927–G of Wing Duck & Co. (San Francisco).

Opinion by EKWALL, J. It was stipulated that the merchandise in question is in all material respects the same as that the subject of *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446). The claim that certain of the merchandise is not subject to the internal revenue tax was sustained.

**No. 47739.**—Protest 27662–K of Sang Chong Lung & Co. (San Francisco).

Opinion by EKWALL, J. At the hearing the Government moved to dismiss the case on the ground that the protest fee had not been paid, as required by section 3, paragraph N, Tariff Act of 1913, inasmuch as the tender of the fee was untimely. It was found that the protest was filed July 25, 1939, and the tender of the fee made and fee received July 28, 1939. The court therefore found that the protest fee was timely and the motion to dismiss was denied. As the record shows that the requirements of section 2901, Revised Statutes, have been complied with, the plaintiff's claim that the appraisement is void was overruled and judgment rendered in favor of the defendant.

BEFORE THE SECOND DIVISION, NOVEMBER 23, 1942.

**No. 47740.**—Protests 73247–K, etc., of Alpha Lux Co. (Philadelphia).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 47453, the claim under paragraph 372 was sustained.

**No. 47741.**—Protests 722720–G(B), etc., of Miller Bros. Hat Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the merchandise consists of "8-Bu. paper hats," known as harvest hats, and that they

are the same as those in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664), the claim at only 25 percent ad valorem under paragraph 1504 (b) (5) was sustained.

**No. 47742.**—Protests 683078–G, etc., of Miller Bros. Hat Co., Inc. (New York).

Opinion by Tilson, J.  In accordance with stipulation of counsel that the merchandise consists of "8-Bu. paper hats," known as harvest hats, and that they are the same as those in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664), the claim at only 25 percent ad valorem under paragraph 1504 (b) (5) was sustained.

**No. 47743.**—Protests 76711–K, etc., of American Merchandise Co. (New York).

Opinion by Tilson, J.  In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20), paper-weights were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.  On the authority of Abstracts 38680 and 43372 savings banks and tape measures were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.

**No. 47744.**—Protest 979744–G of E. J. Keller Co., Inc. (New York).

Opinion by Kincheloe, J.  In accordance with stipulation of counsel and on the authority of *Green* v. *United States* (8 Cust. Ct. 173, C. D. 599), the claim for free entry under paragraph 1750 was sustained.

**No. 47745.**—Protests 643690–G, etc., of W. X. Huber Co. (Los Angeles).

Opinion by Kincheloe, J.  Following *United States* v. *Schapiro* (24 C. C. P. A. 343, T. D. 48771) certain of the merchandise in question was held entitled to free entry under paragraph 1750 in accordance with the percentages of paper stock rags as set forth in schedule attached to stipulation entered into between counsel.

Before the Third Division, November 23, 1942

**No. 47746.**—Protest 974739–G(B) of H. S. Cramer & Co. (Tampa).

Opinion by Cline, J.  The record showed that the corn feed meal in question contains bran and is used for animal feed, not for human consumption, and that it is a "by-product resulting from the extraction of corn meal for human consumption from the corn."  Following *Pena & Flores Importing Co.* v. *United States* (T. D. 49052) the merchandise was held dutiable as "by-product feeds obtained in milling wheat or other cereals" at 10 percent ad valorem under paragraph 730 as claimed.